

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2005

# Chatman v. Johnstown

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3639

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chatman v. Johnstown" (2005). *2005 Decisions.* Paper 1196.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3639

_____

ANTONIO M. CHATMAN,
                                   Appellant
                   v.

CITY OF JOHNSTOWN, PENNSYLVANIA and
CITY OF JOHNSTOWN POLICE OFFICER MICHAEL S. PAGE,
                                   Appellees

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 02-cv-00227J )
District Judge:   Honorable Kim R. Gibson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 4, 2005
Before:   McKEE, VAN ANTWERPEN and WEIS, Circuit Judges.

(Filed   May 13, 2005 )

_____

OPINION

_____

WEIS, Circuit Judge.

        Plaintiff Chatman filed a complaint under 42 U.S.C. § 1983 contending that

1

police used excessive force in arresting him. He alleged violations of the Fourth, Eighth and Fourteenth Amendments, and various state law provisions. The District Court entered summary judgment for the defendants against the plaintiff on the federal claims, and remanded the state claims to the Court of Common Pleas of Cambria County, Pennsylvania.

Because this is a Not Precedential Opinion and the parties are aware of the facts, we will summarize only the relevant details.

A warrant was outstanding against plaintiff when he was seen walking in the street in Johnstown, Pennsylvania. An off-duty officer notified the local police and several officers were dispatched to arrest plaintiff. He was well known to members of the Johnstown Police because of his previous criminal record.

When the officers reached the area, they saw plaintiff running and they set off in pursuit. Defendant Officer Page was the handler for a K-9 dog. Page asserts, and was corroborated by fellow officers, that he called to plaintiff to halt or he would release the dog. Plaintiff continued running until the dog caught up with him, bit him on the arm and held him until Page could control the situation.

Contrary to the officers' version of events, plaintiff contended that the dog was released before the warning was given and that he began running only to escape the animal. Plaintiff alleged that Page used excessive force in having the dog attack a pedestrian walking on a city street.

Plaintiff also sued the City of Johnstown contending that it had provided inadequate training for the K-9 dog and, despite its knowledge that the animal was vicious, allowed the dog to be part of the police establishment.

The District Court, relying on Graham v. Conner, 490 U.S. 386 (1989), ruled that neither the Eighth nor Fourteenth Amendments provided a basis for a claim of excessive force during an arrest and held that the proper source of such a claim was the Fourth Amendment. We agree with the District Court's reasoning on these constitutional applications and with the dismissal of the claims under the Eighth and Fourteenth Amendments.

After reviewing the deposition testimony of the police officers involved, the District Court stated that the evidence provided by the officers established that plaintiff was actively evading arrest by flight and was using a circuitous route to avoid being caught. In view of the plaintiff's criminal record and his history of a previous foot chase by police, the District Court found that the officers had a reasonable belief that plaintiff posed a threat to the community and should be apprehended. The Court observed that, after his arrest, plaintiff said he had intended to resolve the dispute underlying the warrant against him and he did not wish to go to jail. The Court also noted that plaintiff conceded that he heard Page announce that he would release the dog if plaintiff did not stop.

Plaintiff testified in his deposition quite differently, contending that he did not know that he was the subject of the police activity in the area. He admitted that he

heard Page shouting about releasing the dog, but that

warning came only after the dog was on its way toward plaintiff. He testified that

> "[Page] said that, but the dog was already coming. I mean, whenever I turned around, the dog was already halfway out of the truck and coming. And I mean, I don't care who you are, if you see a 100 pound German Shepard coming after you, you're not going to stand there because you don't know what's going to happen. So I knew I couldn't outrun the dog, so I ran to the closest thing to me which was the garbage dumpster."

Whether plaintiff received a warning before the dog was released or not until afterwards is a material question of fact which could bear on Officer Page's conduct under the circumstances.

The District Court pointed out a number of inconsistencies in the plaintiff's version of what occurred, casting doubt on the plaintiff's story. These inconsistencies are matters ultimately useful in determining the plaintiff's credibility but are not proper considerations on a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the

4

drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."); Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) ("In considering a motion for summary judgment a District Court may not make credibility determinations . . .").

The plaintiff's deposition testimony raised a question of material fact which could not be resolved by the trial court in granting summary judgment. Disputes over genuine issues of material fact are not for the District Court to resolve at the summary judgment stage. See Fed.R.Civ.P. 56(c) (a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); see also Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003) (noting "if there are disputes over genuine issues of material fact, they are for the jury to resolve"). Therefore, the entry of judgment in favor of Officer Page was not proper and it must be vacated.

The plaintiff's claim against the City of Johnstown is based on allegations that the dog had been inadequately trained. To establish liability against a municipality, plaintiff must demonstrate that it acted with deliberate indifference consistent with an official custom or policy. See Woloszyn v. County of Lawrence, 396 F.3d 314, 324-25 (3d Cir. 2005) (citing City of Canton v. Harris, 489 U.S. 378 (1989)). Here, the City

5

submitted documentary evidence of the extensive training given to the dog and other requirements for use of the K-9 force by the police. Plaintiff did not produce adequate evidence that the City was aware of the dog's alleged vicious tendencies. We agree with the District Court that the City was entitled to summary judgment in its favor.

We will affirm the judgment in favor of Page on the section 1983 claims under the Eighth and Fourteenth Amendments. We will also affirm the summary judgment in favor of the City of Johnstown, Pennsylvania. We will reverse the summary judgment in favor of defendant Page as to the section 1983 claim for violation of the plaintiff's Fourth Amendment rights, and remand for further proceedings on the Fourth Amendment claim. Inasmuch as the Fourth Amendment claim against Page will be reinstated, the District Court may choose to reinstate the state law claims against him as well.